IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRI DAVIS,

    Plaintiff,

v.                                                             Case No. 13-cv-0254 BRB/SMV

TEXAS NEW MEXICO RAILROAD;
IOWA PACIFIC HOLDINGS, LLC;
PERMIAN BASIN RAILWAYS, INC.;
KURTIS LINDSEY; and MACK MORALES;

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## CORPORATE DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER

    THIS MATTER is before the Court on the Motion to Extend Deadline to Answer Complaint [Doc. 4] ("Motion"), filed on May 2, 2013, by Defendants Texas New Mexico Railroad; Iowa Pacific Holdings, LLC; and Permian Basin Railways, Inc. (collectively "Corporate Defendants"). The Corporate Defendants were served with the Complaint on March 27, 2013. [Doc. 4] at 1. They admit that Plaintiff has agreed to two previous extensions already. *Id.* However, due to the complexity of the Complaint, they request a further extension from the Court of two weeks. *Id.* at 1–2. In their Motion—which was filed at 4:56 p.m. on the day before the Answer was due—the Corporate Defendants assert that "[a]s of the time of the filing this motion, Plaintiff did not respond" to their request for her position on the motion. *Id.* at 2.

    Plaintiff filed her Response in opposition within two hours. [Doc. 6]. She opposes any further extension for several reasons including that the Motion violated the Local Rule's

requirement for a "good-faith request for concurrence." *Id.* at 1 (quoting D.N.M.LR-Civ. 7.1). Plaintiff explains that the Corporate Defendants sought her position on the motion *less than three hours* before filing it. *Id.* at 1. The Court agrees that the Motion violates Local Rule 7.1(a). A single e-mail message to opposing counsel sent less than three hours before filing a motion does not constitute a good-faith effort to determine whether the motion is opposed. Additionally, if extensions of time are needed, they should be requested further in advance than the day before the deadline, as was the situation here.

Considering the briefing, the relevant law, and being otherwise fully advised in the premises, the Court will GRANT IN PART and DENY IN PART the Motion.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Corporate Defendants' Motion to Extend Deadline to Answer Complaint [Doc. 4] is **GRANTED IN PART and DENIED IN PART**. The Corporate Defendants may file their Answer no later than **May 10, 2013**. Any further extensions will require a showing of exceptional cause.

**IT IS FURTHER ORDERED** that Plaintiff's request for costs and fees is denied [Doc. 6] at 3. *See* Fed. R. Civ. P. 7(b) (relief must be requested by motion).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**